**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| CROWN BAY MARINA, L.P., ) <br> Plaintiff, ) <br> v. ) <br> ) <br> REEF TRANSPORTATION, LLC, and ) <br> MORNING STAR-VICL a 25' Water Taxi ) <br> her tackle, gear, apparel & appurtenances ) <br> in rem, and EVENING STAR- VICL, a 25' ) <br> Water Taxi and her tackle, gear, apparel & ) <br> Appurtenances, in rem, ) <br> Defendants. ) <br> ) | Case No. 3:18-cv-00073-CVG-RM |

# EXHIBIT 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:18-cv-00073-CVG-RM

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* MAX KNOPF

on *(date)* 18 MAR 19.

☑ I served the subpoena by delivering a copy to the named person as follows: SERVED AT MAGISTRATE COURT BARBEL PLAZA

on *(date)* 22 MAR 18; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

Marlon Richardson   Process Server
Printed name and title

Lindberg Bay 11D St. Thomas VI 00802
Server's address

Additional information regarding attempted service, etc.:

A.O. 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the District of the Virgin Islands, Division of St. Thomas and St. John

| CROWN BAY MARINA, L.P., | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:18-cv-00073-CVG-RM |
| REEF TRANSPORTATION, LLC, and MORNING STAR-VICL, and EVENING STAR- VICL | ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Mark Knopf
23 Water Island, St. Thomas, VI 00802

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All documents identified in the attached Exhibit A.

| Place: Dudley, Topper and Feuerzeig, LLP<br>1336 Beljen Road, Suite #101<br>St. Thomas, VI 00802 | Date and Time:<br><br>03/29/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __03/13/19__

*CLERK OF COURT*

OR _____/s/ Greg Hodges_____

_____
*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Reef Transportation, LLC                                   , who issues or requests this subpoena, are:

Greg Hodges, Esq., Dudley Topper and Feuerzeig, 1336 Beltjen Rd., Suite #101, St. Thomas, VI 00802, (340) 774-4422
ghodges@dtflaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

9:42 am
Mar 22, 2019

Case: 3:18-cv-00073-RM Document #: 33-2 Filed: 03/29/19 Page 4 of 6

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITION

The term "document" is used in its broadest sense and includes all original written, recorded or graphic items of every kind whatsoever and copies thereof including, but not limited to: agreements, forms, applications, contracts and memoranda of understandings; assignments; licenses, correspondence and communications, including intra-company correspondence and communications; cablegrams, SMS text messages, telex messages, social media messages (i.e. Facebook, Twitter), email, facsimiles, radiograms and telegrams; reports, notes and memoranda; summaries, minutes and records of telephone conversations, meetings and conferences, including lists of persons attending meetings or conferences; summaries and records of personal conversations and interviews; books, manuals, publications, and diaries; technical, laboratory and engineering reports, data sheets and notebooks; charts; plans; sketches and drawings; photographs, motion pictures; audio and video tapes and disks; computer printouts; computer software; models and mockups; reports and/or summaries of investigations; opinions and reports of experts and consultants; opinions of counsel; sales records, including purchase orders, order acknowledgments and invoices; books of account; statements, bills, checks and vouchers; reports and summaries of negotiations; brochures; pamphlets; catalogs and catalog sheets, sales literature and sales promotion materials, advertisements; displays; circulars, trade letters, notices and announcements; press, publicity, trade and product releases; drafts or originals of, or preliminary notes on, and marginal comments appearing on, any document; all documents kept by photographic, electronic or mechanical means including but not limited to the contents of computer memory and hard disks; other reports and records; and any other information-containing paper writing or physical thing.

The term "communication" means the written or oral transmittal of information (in the form of facts, ideas, inquiries or otherwise).

The term "relating to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, and/or bearing any logical or factual connection with the subject matter under consideration.

## DOCUMENTS TO BE PRODUCED:

1) All documents relating to any assessments, inspections, observations, reports and tests conducted or prepared on behalf of Crown Bay Marina, L.P., for the period from January 1, 2017 through the present concerning the improved premises commonly known as "Crown Bay Marina" located at 8168 Subbase (a/k/a Parcel Nos. 168 and 169), Crown Bay, St. Thomas, U.S. Virgin Islands (the "Premises").

2) All documents relating to damages to the Premises as a result of Hurricanes Irma and Maria and the causes of such damages including whether and to what extent defendant Reef Transportation, LLC's vessels caused or contributed to such damages.

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| Crown Bay Marina LP<br>Plaintiff<br>Vs.<br>Reef Transportation LLC and Morning Star-VICL<br>And Evening Star-VICL<br>Defendant | No.3:18-CV-73-CVG-RM<br><br>ACTION FOR: N/A |

TO: Mark Knopf
    23 Water Island
    St. Thomas, VI 00802

<u>AFFIDAVIT</u>

TERRITORY OF THE VIRGIN ISLANDS)
DIVISION OF ST. THOMAS – ST. JOHN)

I, Marlon A. Richardson being sworn, depose and states:

1. I am a citizen of the United States, resident of the U.S. Virgin Islands, over 18 years of age, am not a party in the above entitled action, nor related to any of the parties herein; was duly appointed as a Process Server for the Superior Court of the U.S. Virgin Islands, License No. <u>23/2009</u>, which Order is still valid.

2. I received copies of <u>Subpoena to Produce Documents #3:18-CV-73-CVG-RM dtd 13 Mar 19</u> in the above action and was able to serve as follows:

DATE RECEIVED: <u>18 Mar 19</u>  DATE SERVED: <u>22 Mar 19</u>  Time: <u>9:42 am.</u>
PERSON SERVED: <u>Mark Knopf (in hand).</u>
PLACE SERVED: <u>Magistrate Court Barbel Plaza, St. Thomas, USVI 00801.</u>

3. Such service was personally made by delivering to and leaving with said person Original Copy of said <u>Subpoena to Produce Documents #3:18-CV-73-CVG-RM dtd 13 Mar 19</u>.

4. The person served was an adult and appeared mentally competent and was properly identified to be the person mentioned and described in said process or the person authorized according to law to receive such process.

5. I have made a diligent search and inquiry in <u>N/A</u> the person to be served but have been unable to find or learn of the whereabouts of the person and thus been unable to serve process on the said person.

SUBSCRIBED AND SWORN TO BEFORE ME THIS <u>25</u>
DAY OF <u>March</u>, 20<u>19</u>.

_____
NOTARY PUBLIC

Marlon A. Richardson
11D Lindberg Bay, St. Thomas, USVI
(340) 998-8453

_____
PROCESS SERVER

Michelle Connor
My Commission Expires September 19, 2019
NP-103-15