IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CROWN BAY MARINA, L.P., | ) |
| Plaintiff, | ) |
| vs. | ) Civil No. 2018-73 |
| REEF TRANSPORTATION, LLC, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on plaintiff Crown Bay Marina, L.P.'s ("CBM") Motion for Leave to Designate Rebuttal Expert Out of Time. [ECF 138].[1] Reef Transportation, LLC opposes the motion. [ECF 148]. The Court heard argument on the motion on August 26, 2020.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

The parties are familiar with the facts of this matter. Accordingly, the Court limits its discussion to the facts relevant to the instant motion, which relate to the timing of the plaintiff's motion and disclosure of this expert.

On September 6, 2017, Hurricane Irma struck St. Thomas, U.S. Virgin Islands as a category 5 storm, causing widespread destruction. [ECF 1] ¶ 10. Defendant Reef Transportation's two 25-foot water taxi vessels were tied up to docks in plaintiff's marina at Crown Bay to ride out the storm. *Id*. ¶¶ 6-7, 11-12. On September 5, 2018, CBM filed this action, seeking damages for Reef Transportation's alleged failure to properly secure the vessels for the storm. CBM alleges the improperly secured vessels caused damage to the marina. *Id*. ¶¶ 11-13.

After an initial scheduling conference on November 27, 2018, the Court entered a Trial Management Order that provided in part that "[t]he party having the burden of proof on any issue

---

[1] This case is consolidated with Civil No. 2018-68. As this motion pertains exclusively to a witness to be offered in the case against Reef Transportation, all references to docket entries in this Order will be to the docket in Civil No. 2018-73, unless otherwise noted.

*Crown Bay Marina, L.P. v. Reef Transportation, LLC, et al.*
Civil No. 2018-73
Page 2

shall identify any experts, and produce the required materials related thereto, on or before May 15, 2019," and "[t]he parties shall identify any rebuttal experts, and produce the required materials related thereto, on or before June 29, 2019." [ECF 17] ¶¶ 6-7.[2]

CBM also sued Subbase Drydock, Inc., alleging vessels under its control also caused damage to the marina during Hurricane Irma. [ECF 1] in Civil No. 2018-68.[3] On May 13, 2019, the parties in the two actions stipulated to their consolidation, and then moved the Court to consolidate the cases. [ECFs 31, 33] in Civil No. 2018-68. On June 13, 2019, the Court ordered consolidation and scheduled a joint conference for the next month. [ECF 47]. Following the conference, the Court issued a consolidated schedule that provided that "[t]he party having the burden of proof on any issue shall identify any experts, and produce the required materials related thereto, on or before August 9, 2019," and "[t]he parties shall identify any rebuttal experts, and produce the required materials related thereto, on or before September 30, 2019." [ECF 70]. These dates remained largely unchanged,[4] except for the identification of experts for Subbase Drydock, which was postponed due to a delay in obtaining a fact witness deposition. *See* [ECF 96]. Plaintiff CBM served a series of expert disclosures on August 7-9, 2019. *See* [ECFs 78-

---

[2] By Order dated April 12, 2019, those dates were extended to July 1, 2019 and August 16, 2019, respectively. [ECF 37].

[3] On November 5, 2018, after a scheduling conference, the Court entered a Trial Management Order that provided in part that "[t]he party having the burden of proof on any issue shall identify any experts, and produce the required materials related thereto, on or before June 3, 2019," and "[t]he parties shall identify any rebuttal experts, and produce the required materials related thereto, on or before July 15, 2019." [ECF 19] ¶¶ 5-6 in Civil No. 2018-68.

[4] The Court conducted a discovery conference on September 20, 2019 regarding material Reef Transportation contended it required from plaintiff to complete its experts' reports. This information, consisting of engineering and construction drawings and specifications, had been identified during the deposition of CBM's principal, Kosei Ohno. As a result of this conference, Reef Transportation received a brief extension of its expert disclosure deadline.

*Crown Bay Marina, L.P. v. Reef Transportation, LLC, et al.*
Civil No. 2018-73
Page 3

83]. Reef Transportation made its expert disclosures on October 7, 2019. On July 29, 2020, CBM filed the instant motion to designate out of time Dr. Brian K. Haus as a rebuttal expert. *See* [ECF 138]. At the time CBM filed its motion, the trial was scheduled for September 14, 2020. It has been continued—on CBM's motion—to October 26, 2020. *See* [ECF 157].

## II. LEGAL STANDARDS

This Court has previously observed:

> Rule 16 of the Federal Rules of Civil Procedure authorizes a court to enter pretrial scheduling orders setting deadlines for the completion of discovery, including expert discovery. FED. R. CIV. P. 16. Accordingly, "a party must make [expert] disclosures at the time and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). Such disclosure ensures "that opposing parties have a reasonable opportunity to [inter alia] . . . arrange for expert testimony from other witnesses." FED. R. CIV. P. 26, 1993 Advisory Committee's Note.

*MRL Dev., LLC v. Whitecap Inv. Corp.*, 2014 U.S. Dist. LEXIS 200490, at *7 (D.V.I. Aug. 27, 2014). Further, "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). However,

> [a] court may modify a scheduling order for "good cause." FED. R. CIV. P. 16(b)(4); *see Unlimited Holdings, Inc. v. Bertram Yacht, Inc.*, 2008 U.S. Dist. LEXIS 82142, at *17-18 (D.V.I. Oct. 15, 2008) ("Scheduling orders are at the heart of case management. If they can be disregarded without a specific showing of good cause, their utility will be severely impaired.") (quoting *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986)). Good cause is established when the movant "demonstrate[s] that a more diligent pursuit of discovery was impossible." *Unlimited Holdings, Inc.*, 2008 U.S. Dist. LEXIS 82142, at *19 (quoting *Crossley v. Elliott*, 2008 U.S. Dist. LEXIS, at *2 (D.V.I. 2008)). "Generally, all matters concerning the conduct of discovery, including granting or denying

Case: 3:18-cv-00073-RM Document #: 201 Filed: 08/31/20 Page 4 of 10

Crown Bay Marina, L.P. v. Reef Transportation, LLC, et al.
Civil No. 2018-73
Page 4

> motions relating thereto, are vested in the sound discretion of the trial court and cannot be disturbed except upon a showing of abuse of discretion."[5] *Sitkoff v. BMW of N. Am.*, 1995 U.S. Dist. LEXIS 9824, at *11 (E.D. Pa. July 14, 1995) (citing *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81 (3rd Cir. 1987)).

*MRL Dev.,* 2014 U.S. Dist. LEXIS 200490, at *7. *See Premier Comp Sol., LLC v UPMC*, 2020 U.S. App. LEXIS 25539, at *5 (3d Cir. Aug. 12, 2020) ("we have repeatedly recognized—and we reaffirm today—that whether 'good cause' exists under Rule 16(b)(4) depends in part on plaintiff's diligence").

In conducting its good cause inquiry, the Court finds helpful the factors set forth in *Meyers v. Pennypack Woods Home Ownership Association*, 559 F.2d 894 (3d Cir. 1977) (the "*Pennypack* factors").[6] Although the factors were formulated in considering the exclusion of evidence, pursuant to FED. R. CIV. P. 37, for a party's failure to comply with a discovery order, these same factors assist the Court in analyzing the effect of a denial of a motion to name another expert out of time. They are:

> [1] prejudice or surprise to the party against which the evidence would be admitted, [2] the ability to cure that prejudice, [3] the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court, and [4] bad faith or wilfulness on the part of the disclosing party in failing to comply with a court order or discovery obligation.

---

[5] *See Hewlett v. Davis*, 844 F.2d 109, 113 (3d Cir. 1988) ("The Court of Appeals will not interfere with the discretion of the district court by overturning a discovery order absent a demonstration that the court's action made it impossible to obtain crucial evidence, and implicit in such a showing is proof that more diligent discovery was impossible.").

[6] *Meyers* was subsequently overruled on other grounds by *Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985). *See In re TMI Litig.*, 193 F.3d 613, 721 (3d Cir. 1999) (explaining the Third Circuit "recognized the continuing applicability of *Meyers* [] to a Rule 37 exclusion analysis" in *In re Paoli R.R. Yard Pcb Litig.*, 35 F.3d 717, 791 (3d Cir. 1994)).

*Barnes v. Century Alum. Co.*, 2013 U.S. Dist. LEXIS 42311, at *30 (alterations added & quotation marks omitted) (citing *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000)). *See also Lee v. Kmart Corp.*, 2016 U.S. Dist. LEXIS 107372, at *12 (D.V.I. Aug. 15, 2016) (recognizing "the importance of the excluded evidence" as a fifth *Pennypack* factor; *Orion Drilling Co., LLC v. EQT Prod. Co.*, 2018 U.S. Dist. LEXIS 208873, at *22 (M.D. Pa. Dec. 11, 2018) (noting the Third Circuit requires consideration of a sixth factor, "the party's explanation for failing to disclose.") (citing *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997)).

## III. DISCUSSION

CBM intends to have Dr. Haus offer, as a "rebuttal expert," "an analysis of the wind loading and lateral velocities of Reef Transportation vessels when moored in Crown Bay Marina during Hurricane Irma." [ECF 138] at 1. CBM explains that once it located Dr. Haus, CBM "was delayed further due to the Corona virus," and that Dr. Haus' testing facility was closed for some time. *Id*. at 4.[7] CBM further claims that Dr. Haus conducted "laboratory testing" on July 2, 2020 and completed his report on July 27, 2020. *Id*. at 1, 4. Finally, CBM argues that because there is other discovery left to complete, defendant would not be prejudiced by the Court's allowing Dr. Haus' testimony. *Id*. at 3-4.

At the August 26, 2020 hearing, CBM conceded its motion is "untimely," and that it never sought an extension of the expert disclosure deadlines. CBM stated further that it began to look for an expert in Dr. Haus' field in March of 2020, and that in the meantime, it was focusing on

---

[7] CBM purports to support this claim by a Declaration from Dr. Haus, but no such declaration was submitted with the motion. At the August 26, 2020 hearing, this was brought to plaintiff's attention, and the declaration was filed later that day. [ECF 189]. The declaration adds little to the Court's analysis, as it neither states when Dr. Haus was initially contacted, nor provides any particulars regarding the closure of the testing facility.

*Crown Bay Marina, L.P. v. Reef Transportation, LLC, et al.*
Civil No. 2018-73
Page 6

other discovery as it wanted to get the matter to mediation. After an unsuccessful mediation in May of 2020, CBM began in earnest to seek this expert.[8] CBM explained it did not pursue this earlier as it was not convinced it "would get something useful." Finally, CBM acknowledged that all the information Dr. Haus needed to conduct his experiments was known and available early on in the litigation, and that the key to deciding the fate of this "important" witness is whether any prejudice may be cured.[9]

Defendant argues that Dr. Haus is not, in fact, offered to rebut Reef Transportation's experts, but rather to fill in a gap left by the testimony of CBM's own engineering expert, Paul Ferreras. [ECF 148] at 3-4, 8. After reviewing the procedural history of the case, Reef Transportation concludes that it would be "great[ly]" prejudiced by this late designation and that it would be unable to cure that prejudice without delaying the trial for months. *Id*. at 2-3, 6.[10] At the August 26, 2020 hearing, Reef Transportation characterized the Haus material as a "totally new theory," and noted that if the testimony was allowed, Reef Transportation would (1) need its own expert to deal with the material, and (2) be challenging Haus' work by way of a *Daubert* motion, although the time for filing such motions had already passed.

The Court first notes that CBM does not argue that good cause exists for the extension of time to disclose, or that it exercised diligence in securing Dr. Haus' expert opinion. Rather, CBM argues merely that (1) Dr. Haus is a rebuttal expert and (2) "it took plaintiff a significant amount

---

[8] Appended as an exhibit to CBM's response to Reef Transportation's motion for summary judgment is an engagement letter from Dr. Haus dated June 25, 2020. [ECF 170-1] at 47.

[9] CBM stated that whether finding an opposing expert might be "difficult" does not matter under its "cure" analysis.

[10] Reef Transportation also argues that CBM should not have filed the Haus report on the docket and has moved to strike it. *See* [ECF 150].

*Crown Bay Marina, L.P. v. Reef Transportation, LLC, et al.*
Civil No. 2018-73
Page 7

of time to locate the appropriate facility to undertake the analysis and testing." [ECF 138] at 3-4. CBM offers no justification for delaying its search or for failing to seek an extension of the disclosure deadline. Rather, CBM appears to take the position that it is entitled to benefit from delays caused by the coronavirus pandemic or otherwise, notwithstanding its obligation to comply with the Court's scheduling orders and despite failing to make any showing of cause–let alone *good* cause–for its lack of compliance. Without a showing of good cause and diligence on plaintiff's part, the failure to disclose this expert in accordance with the Court's scheduling orders is neither substantially justified nor harmless. FED. R. CIV. P. 37(c)(1). The Court could well end this inquiry here. Recognizing, however, that the disallowance of evidence may be extreme, the Court will examine the *Pennypack* factors for additional guidance.

The first *Pennypack* factor favors defendant as disclosure of Dr. Haus constitutes both surprise and prejudice to Reef Transportation. CBM's filing of the report approximately 45 days prior to the then-scheduled trial and its production of purported laboratory testing regarding a significant element of causation and damage months after such information should have been disclosed per the Court's order[11] prejudices defendant's ability to prepare its case for trial and gives plaintiff an unfair advantage. Plaintiff's untimely July 29, 2020 disclosure is not only a significant departure from the August 2019 deadline for filing expert reports, but it was brought on the very date that *Daubert* motions were due. [ECF 117]. *See Paoli*, 35 F.3d at 792 (holding that party's failure to timely file its expert's Rule 26(b)(4) statement was only "a slight deviation

---

[11] This evidence directly supports CBM's burden to prove the cause and extent of any of its losses. Accordingly, the Court finds that it is not in the nature of rebuttal. Even if it was offered as rebuttal, however, CBM provides no reasonable explanation for why it took some 10 months after Reef Transportation disclosed its experts' reports to offer it. At the time Reef Transportation made its disclosures, the coronavirus pandemic was still many months in the future; CBM's reliance on pandemic-caused delay rings hollow.

*Crown Bay Marina, L.P. v. Reef Transportation, LLC, et al.*
Civil No. 2018-73
Page 8

from pre-trial notice requirements, and admitting the witness was likely to cause only slight prejudice to the defendants, who were already aware of the basic substance of the witness' testimony").

Moreover, due to the short time to trial, while defendant conceivably could depose Dr. Haus as to his report, this is a new area of expertise. It would be virtually impossible for defendant to procure a rebuttal expert or be otherwise adequately prepared to confront this material at trial. In sum, CBM cannot offer this new expert without severely prejudicing Reef Transportation. *See Bowers v. NCAA*, 564 F. Supp. 2d 322, 335 (D.N.J. 2008) (defining prejudice in the discovery violation context as "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy").

The second *Pennypack* factor also weighs in favor of defendant as "the prejudice to [defendants] cannot be cured in a timely and cost-efficient manner." *Glielmi v. Raymond Corp.*, 2013 U.S. Dist. LEXIS 7128, at *22 (D.N.J. Jan. 17, 2013). CBM argues that this factor favors it as the trial may not go forward as scheduled, and there is plenty of time for Reef Transportation to depose Dr. Haus, or even get its own expert if necessary. In order to cure the prejudice to defendant, however, the Court must reopen discovery to allow Reef Transportation the opportunity to depose Dr. Haus on this new experimentation and theory and potentially retain experts of its own. Such an allowance would inevitably impose a substantial burden on Reef Transportation as well as additional costs, and could even further delay the trial of this consolidated case. Moreover, even if trial is delayed by the pandemic, such would not necessarily inure to CBM's benefit. *Lee*, 2016 U.S. Dist. LEXIS 107372, at *20-21, fn.5 ("the absence of a trial date does not render the Court's Scheduling Order meaningless, nor does it give parties license to believe or argue that

*Crown Bay Marina, L.P. v. Reef Transportation, LLC, et al.*
Civil No. 2018-73
Page 9

changes to the Courts' Scheduling Order are routine and without consequence"). The opportunity to "cure" prejudice by changing schedules is not, as CBM argues, the dispositive consideration.

The third *Pennypack* factor likewise favors defendant. If plaintiff is permitted to add Dr. Haus as an expert, it could, as noted, result in a substantial delay to the start of trial. Given the current restrictions on court operations and jury trials, both the Court and the parties have agreed to schedule this bench trial as soon as reasonably possible.

The fourth *Pennypack* factor also favors Reef Transportation. While the Court finds no evidence of bad faith, willfulness and a lack of diligence are certainly apparent. The Court is mindful that CBM knew about the need to demonstrate from the outset how its docks were damaged. That plaintiff could not foresee that the mechanism of damage would be a contested issue in this case is a mystery. Moreover, CBM deliberately waited until mediation was unsuccessfully concluded to pursue this additional line of evidence, and it waited until it was certain the evidence was favorable to disclose the expert. This strategy was both willful and in flagrant disregard of the Court's scheduling orders and the Federal Rules of Civil Procedure.

Further, the Court must consider the alleged importance of the proposed expert report and testimony to the disclosing party. *Barnes*, 2013 U.S. Dist. LEXIS 42311, at *29 (citing *Konstantopoulos*, 112 F.3d at 710, 719). Even if the Court acknowledges the importance of Dr. Haus' proposed testimony to plaintiff's case, denying plaintiff the ability to name him at this stage will not impede plaintiff's ability to prove its losses through other experts and evidence, and is an appropriate result given plaintiff's cavalier treatment of its discovery obligations .

Finally, the Court considers CBM's explanation for the failure to timely disclose this expert. The explanation appears to be that CBM simply wanted to wait until it had an opportunity

*Crown Bay Marina, L.P. v. Reef Transportation, LLC, et al.*
Civil No. 2018-73
Page 10

to mediate the case, and having done so unsuccessfully, then decided to bolster its evidence by finding a new expert, notwithstanding the effect on the other parties and the Court. This explanation is unsatisfactory and helps CBM not at all.

Thus, after weighing all the factors, the Court finds that CBM has "failed to demonstrate that a more diligent pursuit of discovery in this matter would have been impossible." *Unlimited Holdings, Inc.*, 2008 U.S. Dist. LEXIS 82142, at *21. Accordingly, plaintiff has not shown good cause to extend the schedule to allow the naming of this expert and the motion will be denied.

### IV.   CONCLUSION

For the foregoing reasons, and the premises considered, it is ORDERED that "Plaintiff's Motion for Leave to Designate Rebuttal Expert Out of Time" [ECF 138] is DENIED.

**Dated:** August 31, 2020            S\_____
                                                    **RUTH MILLER**
                                                    United States Magistrate Judge