IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CROWN BAY MARINA, L.P., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 2018-73 ) ) |
| REEF TRANSPORTATION, LLC, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**ORDER**

Before the Court is the motion of defendant Reef Transportation, LLC ("Reef") for costs and fees. [ECF 322]. Plaintiff Crown Bay Marina, L.L. ("CBM") opposes the motion. [ECF 325].[1] For the reasons that follow, the motion will be denied.

This admiralty action came before the Court for a bench trial on October 22, 26-30, 2020. After finding facts and reaching conclusions of law, on April 1, 2021, the Court entered judgment in favor of Reef. [ECFs 517, 518].[2]

Reef contends it is "entitled to an award of costs because it served [CBM] with two (2) separate offers of judgment that were more favorable that this Court's judgement." [ECF 323] at 1.[3] Additionally, Reef claims that despite its "repeated warnings," CBM pursued its claims in bad faith, warranting an award of attorney's fees. *Id*.

---

[1] Reef agreed with CBM to extend the time for filing a reply to June 3, 2021. Reef has not filed a reply, and the time for filing has elapsed.

[2] CBM appealed the judgment [ECF 312], but the appeal was stayed pending resolution of the instant motion. [ECF 330].

[3] Reef states it made Rule 68 offers of judgment of $25,000 in 2019, and $50,000 in 2020, and that CBM did not respond to either offer. [ECF 323] at 2.

*Crown Bay Marina, L.P. v. Reef Transportation, LLC, et al.*,
Civil No. 2018-73
Page 2

This Court has previously addressed the availability of attorney's fees in maritime matters.

> [T]he prevailing party in an admiralty case is not entitled to recover its attorney's fees as a matter of course. *Sosebee v. Rath*, 893 F.2d 54, 56 (3d Cir. 1990). Nevertheless, under admiralty law, a court has inherent power to assess attorney's fees when a party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" in litigating an action or defense. *F.D. Rich Co.*, 417 U.S. at 129; *accord Sosebee*, 893 F.2d at 56 (stating attorney's fees are available in admiralty cases where "the court determines in its equitable discretion that one party has acted in bad faith"); *Fleming v. TK Sailing Corp.*, 2008 U.S. Dist. LEXIS 99902, at *2 (D.V.I. Dec. 1, 2008) ("As a general matter, attorney's fees cannot be recovered in an admiralty action unless the plaintiff establishes the defendant's bad faith or recalcitrance."); *Inland Tugs Co. v. Ohio River Co.*, 709 F.2d 1065, 1074 (6th Cir. 1983) ("Equity principles applicable in admiralty permit attorney fees where there is a factual finding of callous disregard and indifference of the party against whom the fees are allowed.") (citation and internal quotation marks omitted). "However, a finding of a failure to act without the utmost good faith is not tantamount to acting in bad faith." *AGF Marine Aviation & Transp. v. Cassin*, 2008 U.S. Dist. LEXIS 7575, at *6 (D.V.I. Jan. 29, 2008) (citation and internal quotation marks omitted). "The party seeking attorney's fees under the bad faith exception must meet a high burden to recover attorney's fees." *Fattorusso v. Hass*, 2012 U.S. Dist. LEXIS 136002, at *4 (M.D. Fla. Sept. 24, 2012).

*Virgin Diving, LLC v. M/V Alyeska,* 2018 WL 4766993, at *1 (D.V.I. Feb. 5, 2018) (Report and Recommendation adopted by the District Court) (footnote omitted).

With respect to CBM's bad faith, Reef argues that because CBM knew that Reef's vessels did not break their mooring lines and "survived Hurricane Irma without significant damage," it "knew, or should have known, that lateral pulling from fiberglass vessels could not have caused the type of damages claimed." [ECF 323] at 7. In addition, Reef posits that "CBM's litigation tactics pushed the limits," pointing to "last-minute motions" seeking to disqualify Reef's counsel and seeking to disclose a new expert witness. *Id*.

The Court finds that these arguments fall far short of meeting Reef's "high burden" to show entitlement to fees under the bad faith exception. While CBM's motions were ultimately denied, it was not without briefing, argument, and even an evidentiary hearing on the disqualification motion. In and of themselves, these motions do not demonstrate "bad faith" tactics n CBM's part. *AGF Marine Aviation & Transp. v. Cassin,* 2008 U.S. Dist. LEXIS 7575, at *6-7 (D.V.I. Jan, 29, 2008) ("the fact that [certain parties] asserted claims that were later rejected by the Court does not equate to evidence that [they] acted in bad faith.")

Moreover, CBM relied on the engineering expertise of Paul Ferreras as to the cause of the damage CBM contended was attributable to the Reef vessels. The parties' experts disagreed about the cause of the damage, however, and the Court was entitled to find that plaintiff's expert had not appreciated other possible contributing factors, such as the physical condition of the marina prior to the hurricanes. These circumstances, without more, do not support a finding that CBM acted in bad faith.

With respect to its claim to entitlement to fees and costs under Rule 68, the Court finds that reliance on Rule 68 is unavailing. Rule 68 provides that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). In *Delta Air Lines v. August*, the United States Supreme Court determined that the plain language, purpose and history of the rule dictates that it "applies only to offers made by the defendant and only to judgments obtained by the plaintiff," and that the rule is inapplicable in a case where the defendant obtains the judgment. 430 U.S. 346, 352 (1981). Here, because judgment was entered in favor of Reef, Rule 68 does not apply, and Reef may not recover its attorney's fees and costs under that rule.

*Crown Bay Marina, L.P. v. Reef Transportation, LLC, et al.,*
Civil No. 2018-73
Page 4

Accordingly, the premises considered, it is ORDERED that the motion is DENIED.

**Dated**:  July 1, 2021                              S_____
                                                                         **RUTH MILLER**
                                                                         United States Magistrate Judge